## CHARLES SAWIN v. MOUNT VERNON BANK.

The Court has full discretion to grant or stay execution in each particular case, according to its equities; and where it is proved that a party applying for an execution upon a judgment against co-partners, is in collusion with one of them to have it levied upon the other, contrary to the equities between them, the Court will stay execution until the rights of the parties can be determined by a bill in equity.

THIS was an application for an *alias* execution in the case of the Mount Vernon Bank v. Whitman & Budlong. The original execution was issued in favor of the Bank, and Budlong, one of the defendants, committed upon it. Before the execution expired, the judgment and execution were transferred, for its full amount, to one Brayton, by whom it was transferred to the petitioner. But the officer who had charge of the execution, acting under the direction of the Bank, instead of returning it into Court, returned it to the Bank, and the Bank refused to give it up to the petitioner, or to make a return to the Court. The petitioner asked for an *alias*, notwithstanding the

want of a return. The respondents resisted the application, first, upon the ground that the transfer was not properly executed, and secondly, that it was fraudulently obtained to have the execution served upon the defendant Whitman alone. The petitioner having put in evidence the vote of the Bank authorizing the transfer, the defendants proposed to prove that one of the five directors, (five being required to form a quorum,) who was present when the vote was passed, was not qualified, having parted with a portion of the stock required to qualify him for the office, since his election. The evidence was objected to, but ruled in. The defendants likewise put in evidence to show an understanding, between the directors and Brayton, the purchaser of the execution, that it should not be served upon Whitman. But Brayton, being called for the petitioner, contradicted the proof upon this point, and testified that he was applied to, to purchase the execution, upon the representation that he could probably purchase it for less than its face, and that there was a party ready to give the full amount for it; that he was not aware that Budlong had any connection with the purchase, and further, that Budlong was personally unknown to him: his only object was to make money. After the hearing, and before the Court had given their decision, the original execution was returned discharged by the Bank as to Whitman.

*Potter* and *Howard*, for the petitioner.

*Porter*, for the defendants.

HAILE, J. delivered the opinion of the Court. We are satisfied that the Court has an entire control over its pro-

cess, and that it is in the discretion of the Court to grant or stay the execution in each particular case, according to the circumstances. But this discretion must be judicially exercised; and unless facts are brought to the knowledge of the Court, which furnish a just ground for interposition, the Court will not interfere with the regular course of proceedings. We have examined the testimony bearing upon the alleged fraud of the petitioner and the purchaser of the judgment, and are satisfied that no fraud was intended or practised by the purchaser. The directors seem to have come to the conclusion that the execution could not be levied upon Whitman. The execution bears on its face the mandate of the State to levy on Whitman & Budlong, and it is scarcely conceivable that its plain import should have been misunderstood, and, if it was, their ignorance is no defence. There are, however, some grounds to suspect that the persons who moved the purchase had another object than simply to obtain satisfaction, but as there is no positive proof of a collusion between them and the co-defendant, Budlong, the Court cannot act upon them. The objection that one of the directors, who voted for the transfer, was not qualified, cannot affect the rights of third parties dealing with the Bank. The discharge of Whitman, written on the back of the execution, can have no effect.

After the judgment of the Court had been declared, Whitman moved for leave to introduce testimony to show a collusion between the petitioner and Budlong to have the execution served upon Whitman alone, contrary to the equities existing between them as co-partners, in order to procure a stay of the execution until said Whitman could file a bill in equity to ascertain the rights between them, and have the execution satisfied in accordance

therewith, and the Court granted time for this purpose, on condition that the Bank should meanwhile deposit in the registry of the Court the amount of the judgment and costs to be paid to the petitioner, in case the Court should refuse, upon the further proof, to issue the alias execution. But upon the coming in of the evidence, the Court, not being satisfied that there was any collusion, ordered the money deposited to be returned and the alias to issue.